IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG DUNIGAN, No. B87014, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | )   Case No. 15-cv-01371-JPG ) |
| ST. CLAIR COUNTY JAIL, MEDICAL DEPARTMENT OF JAIL, D.O.N. JANE DOE OF MEDICAL, JOHN DOE CHEST X-RAY, and JOHN DOE PHYSICAL, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Greg Dunigan is an inmate currently housed at Big Muddy River Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff, proceeding *pro se*, brings this action for deprivations of his constitutional rights with respect to his medical care while a post-conviction prisoner at the St. Clair County Jail (Doc. 1).[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

---

[1] What appears to be merely a copy of the complaint was submitted on December 22, 2015. The Clerk of Court perceived Plaintiff was attempting to amend the original complaint and recorded a motion to amend on the docket at Doc. 5. Because the Court cannot perceive any difference between the two documents, the motion to amend will be denied.

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on February 2015, after being sentenced, Plaintiff arrived at the St. Clair County Jail with a host of sexually transmitted diseases, but without his prescribed medications. Plaintiff had been diagnosed with syphilis and herpes, and he believed he had also recently contracted hepatitis C. Plaintiff describes his body and the inside of his mouth as being covered with a rash and open sores, including a "big sore that was bleeding on [his] penis" (Doc. 1, pp. 4, 6).

Despite having previously been treated at the St. Clair County Jail for at least some of these medical issues, and being in obvious need of treatment and medication, "everyone" Plaintiff encountered denied him medical care. Although Plaintiff cannot identify anyone's name, he describes specific encounters with "D.O.N. Jane Doe of Medical," who told Plaintiff he would not be given any medications because he had not filled his prescriptions in over a year— which Plaintiff says is incorrect. Plaintiff also explained his medical issues and need for pain medication to "John Doe X-ray," and showed his bleeding penis to "John Doe Physical," but he was still not treated. Instead, Plaintiff was transferred to Menard Correctional Center. St. Clair

County Jail officials intentionally did not notify Menard of Plaintiff's past or present medical problems, so Plaintiff did not receive any medical treatment at Menard.

In May 2015 Plaintiff initiated a case in this Court regarding the lack of medical care at the St. Clair County Jail *and* Menard Correctional Center: *Dunigan v. St. Clair Count y Jail*, Case No. 15-cv-00487-NJR-DGW. The complaint was unclear and muddled, and Plaintiff was alerted to a severance problem. He was given an opportunity to file an amended complaint under that case number regarding either the St. Clair County Jail or Menard Correctional Center. Ultimately, Plaintiff was assigned an attorney, who opted to proceed with the claims arising at Menard. Plaintiff, *pro se*, has now filed this second action regarding the alleged lack of treatment at the St. Clair County Jail. The complaint includes a cursory request for counsel (*see* Doc. 1, p. 11).

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment; and**
>
> **Count 2:** **Defendants inflicted cruel and unusual punishment upon Plaintiff when they intentionally and with deliberate indifference failed to alert Menard of Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

The bottom margin of the complaint form contains a request for compensation for a "new outfit and boots" valued at $350, although Plaintiff is willing to settle for $200 (Doc. 1, p. 8). Any intended property claim should be considered dismissed without prejudice. Property claims

of this nature are generally filed in the Illinois Court of Claims.  *See Turley v. Rednour*, 729 F.3d 645, 653 (7th Cir. 2013).

## Discussion

*Count 1*

The allegations underpinning Count 1 regarding Plaintiff being denied medical care state a colorable constitutional claim.  According to the complaint, anyone who saw Plaintiff could see he needed medical treatment, yet none of officials Plaintiff asked to help him did anything.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Allegations that painful, sexually transmitted diseases are at issue sufficiently suggest that a serious medical need is at issue.  Furthermore, the intentional withholding of efficacious treatment that results in delay, serious harm or unnecessary pain can violate the Eighth Amendment.  *See Berry,* 604 F.3d at 441.  Erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may also constitute deliberate indifference (*see Gayton,* 593 F.3d at 623).  Even those who have no ability to offer medical care themselves can be liable for not contacting a responsible administrator or higher authority.  *See*

*Perz v. Fenoglio*, 792 F.3d 768, 779-80 (7th Cir. 2015). Thus, a colorable Eighth Amendment claim has been stated, but that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A jail is not a "person" under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). It is not a legal entity in the first place and is therefore not amenable to suit. A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Services,* 436 U.S. 658, 692 (1978); *Brokaw v. Mercer County,* 235 F.3d 1000, 1013 (7th Cir. 2000). Here, Plaintiff fails to allege facts that raise an inference that the denial of his constitutional rights (relative to Counts 1 and 2) was based on an unconstitutional policy or custom. Similarly, the Jail's Medical Department is not a person. The St. Clair County Jail will be dismissed without prejudice; the Medical Department will be dismissed with prejudice. Count 1 shall proceed against the three "Doe" defendants.

### *Count 2*

Count 2 alleges that, as a means of inflicting cruel and unusual punishment, St. Clair County Jail officials intentionally and with deliberate indifference did not notify Menard Correctional Center of Plaintiff's serious medical needs. Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Thus, Count 2 states a colorable Eighth Amendment claim.

For reasons already stated, the St. Clair County Jail and the Medical Department are not proper parties, leaving the three "Doe" defendants as the only defendants to this claim.

*Unidentified Defendants*

Plaintiff cannot identify by name any of the individuals he asked for medical care or who failed to alert Menard, not even the three "Doe" defendants. It is likely that when Plaintiff named the Jail and the Medical Department as defendants he was attempting to sue all of the individuals he asked for medical treatment and those whose job it was to transmit medical information to Menard when Plaintiff was transferred. Plaintiff will be given the opportunity to engage in limited discovery to ascertain the identity of those unidentified individuals. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

"Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

Under the circumstances presented, the Court finds that the St. Clair County Sheriff, Richard Watson, is best suited to respond to discovery aimed at identifying the unknown personnel at the Jail. Accordingly, Sheriff Richard Watson will be formally added as a defendant, in his official capacity only. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d). Once the names of the defendants are discovered, Plaintiff shall file an amended complaint naming them

in the case caption and throughout the pleading and requesting dismissal of the Sheriff as a defendant.

### *Assignment of Counsel*

The complaint contains a cursory request for counsel which falls short of imparting the information typically required for such a motion. Regardless, this case presents unusual circumstances warranting further consideration of the issue.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013). As the Supreme Court has noted, as members of the legal profession and as officers of the court, lawyers have an ethical obligation to indigent litigants seeking justice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In accordance with *Pruitt* and Local Rule 83.1, members of the district court bar have a duty to accept *pro bono* assignments.

Consistent with those principles, *Donald v. Cook County Sheriff's Dept*., 95 F.3d at 556, and Plaintiff's initial case, *Dunigan v. St. Clair Count y Jail*, Case No. 15-cv-00487-NJR-DGW, the Court will assign counsel to represent Plaintiff going forward. In any event, Plaintiff qualifies for counsel: he has already been found indigent; the medical issues are beyond Plaintiff's abilities; and he is no longer incarcerated at the Jail, but instead is in an IDOC facility.

Local Rule 83.1 provides that an attorney may only receive one *pro bono* assignment during a twelve-month period, so the attorney representing Plaintiff in is other case will not be assigned to this new case. Whether the two cases should be joined for any reason is left to counsel to contemplate.

By random draw from the bar of the district court, attorney Greg E. Roosevelt of the Roosevelt Law Office in Edwardsville, Illinois, will be assigned as counsel to represent Plaintiff in this case in the district court.

### Disposition

**IT IS HEREBY ORDERED** that, Plaintiff's motion to amend the complaint (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, Defendant **ST. CLAIR COUNTY JAIL** is **DISMISSED without prejudice**; and Defendant **MEDICAL DEPARTMENT OF JAIL** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** of the complaint (Doc. 1) shall otherwise **PROCEED** against Defendants **D.O.N. JANE DOE OF MEDICAL, JOHN DOE X-RAY, and JOHN DOE PHYSICAL.**

Service shall not be made on the unknown "John Doe" defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals. Plaintiff's assigned counsel will bear responsibility for effecting service of process upon the "Doe" defendants once they are identified and added via amended complaint.

The Clerk is **DIRECTED** to **ADD ST. CLAIR COUNTY SHERIFF RICHARD WATSON** as a defendant, in his official capacity only.

The Clerk is further **DIRECTED** to prepare for Defendant **ST. CLAIR COUNTY SHERIFF RICHARD WATSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant Watson's place of employment.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Watson no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant Watson and any other defendant who has entered this case (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant(s) or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Although Defendant **ST. CLAIR COUNTY SHERIFF RICHARD WATSON** is in this case only for purposes of discovering the identities of the defendants to Counts 1 and 2, he is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  The entry of an appearance by Sheriff Watson will

ensure the Court and Plaintiff's counsel can proceed with discovery in order to identify the other defendants to this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 1) is **GRANTED**; attorney **GREG E. ROOSEVELT**, of the Roosevelt Law Office, Edwardsville, Illinos, is hereby **APPOINTED** to represent Plaintiff Greg Dunigan for all further proceedings *in this case and in this Court only*. The **CLERK** is **DIRECTED** to send a copy of the standard letter concerning appointment of counsel to Attorney Roosevelt immediately.

On or before **January 21, 2016**, assigned counsel shall enter his appearance in this case. Attorney Roosevelt is free to share responsibilities with an associate who is also admitted to practice in this district court. However, assigned counsel shall make first contact with Plaintiff, explaining that an associate may also be working on the case. **Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the case file.**

The Clerk is **DIRECTED** to transmit this order, copies of the docket sheet, and the complaint (Doc. 1) to Attorney Roosevelt. The electronic case file is available through the CM/ECF system.

Plaintiff is **ADVISED** that the Court will not accept any filings from him individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS ORDERED** that, on or before **March 21, 2016,** Plaintiff's counsel complete all discovery necessary to identify the unknown defendants.

**IT IS FURTHER ORDERED** that, on or before **April 20, 2016,** Plaintiff's counsel shall file amended complaint, which properly identifies all defendants in this action. The amended

complaint shall be subject to preliminary review under 28 U.S.C. § 1915A.  Service shall not be made on the unidentified "Doe" defendants until such time as Plaintiff's counsel has identified them by name in a properly filed amended complaint, and this Court screens the amended pleading pursuant to 28 U.S.C. § 1915A.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including all further orders aimed at identifying the unknown defendants through discovery.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 11, 2016**

**s/J. Phil Gilbert**
**District Judge**
