IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREG DUNIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-1371-JPG-DGW |
| | ) | |
| RICHARD WATSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) filed by Defendant Sheriff Richard Watson (Doc. 24). For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Greg Dunigan filed this action *pro se* pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at the St. Clair County Jail ("the County Jail") as a post-conviction prisoner. In his complaint, Plaintiff alleges he was denied adequate medical care to treat a host of sexually transmitted diseases. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found he stated Eighth Amendment deliberate indifference claims against unidentified, "John Doe" defendants. The Court added St.

Clair County Sheriff Richard Watson as a defendant in this matter only for purposes of assisting with the identification of the "Doe" defendants named in Plaintiff's complaint. Plaintiff was also appointed counsel who was directed to complete all discovery necessary to identify the unknown defendants by March 21, 2016 (*see* Doc. 8, p. 10). No "Doe" defendants have been identified and Plaintiff never sought leave to file an amended complaint. Sheriff Watson now moves to dismiss this matter for lack of prosecution (*see* Doc. 24).

In his motion to dismiss, Defendant Watson explains that he provided initial disclosures, responded to all written discovery, and provided all documents requested by Plaintiff — all to no avail. Defendant contends that the lack of prosecution by Plaintiff has prejudiced him insofar as he has not had sufficient allegations levied against him in order to defend against this matter.

Soon after the filing of Defendant's motion to dismiss, Plaintiff's appointed counsel, Attorney Greg Roosevelt, sought to withdraw from his representation of Plaintiff. In said motion, Attorney Roosevelt asserted that Plaintiff was not cooperating with him insofar as he failed to appear for scheduled appointments on March 18, 2016, March 25, 2016, April 5, 2016, December 2, 2016, and December 7, 2016[1], and failed to respond to counsel's written communications sent on September 26, 2017 and October 4, 2017. The Court held a show cause hearing on November 14, 2017 wherein Plaintiff was ordered to appear and show cause as to why Defendant's motion should not be granted. Plaintiff was provided notice of the hearing, but he failed to appear. Attorney Roosevelt appeared and indicated he had not heard from Plaintiff. Attorney Roosevelt has been allowed to withdraw from his representation of Plaintiff in this matter.

---

[1] In his motion to withdraw Attorney Roosevelt indicated he set an appointment for December 7, 2017 and the client did not appear or call. This appears to be a clerical error as December 7, 2017 has not yet passed.

CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of District Courts, said Courts are strongly encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Based on a review of the record and upon consideration of the applicable law, it is recommended that this action should be dismissed for failure to prosecute. First, Plaintiff failed to cooperate with his attorney in order to facilitate the identification of the John Doe defendants. As a result, Plaintiff proceeds on the merits of his claims against only unidentified, unknown defendants who have not been served. Discovery and dispositive motion filing deadlines have passed and this matter is set for trial on April 23, 2018. Further, Plaintiff was notified of the show

cause hearing to address why this matter should not be dismissed due to his failure to prosecute, but he failed to appear. Based on a review of the docket in this case and the representations made by Plaintiff's former counsel, it appears that Plaintiff's last effort to litigate this matter occurred on November 23, 2016 when he briefly called his former counsel, but indicated he would need to call back. No call was ever forthcoming.

For the above-mentioned reasons, and after consideration of the relevant factors cited by the Seventh Circuit regarding involuntary dismissal, the Court finds that there has been a clear record of delay and contumacious conduct in this matter and dismissal is warranted pursuant to Rule 41(b). While the Court notes that there are lesser sanctions available, such sanctions would be unavailing as it appears that Plaintiff has lost interest in litigating this matter and proceeding further would only prejudice Defendant who would be obligated to expend significant resources to continue litigating this matter without any cooperation from Plaintiff.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) filed by Defendant Sheriff Richard Watson (Doc. 24) be **GRANTED**; that this matter be **DISMISSED WITH PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir.

2003).

**DATED: November 21, 2017**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**